## REDFIELD v. STAFFORD.

*Appeal from Fayette District Court — Friday, June 18.*

PARTNERSHIP: SETTLEMENT.

Ordinary action for money paid by plaintiff for use of defendant. Defense, payment, and that the transaction was a partnership matter, of which there had been no settlement between the parties. Cause referred. Referees reported their finding in favor of plaintiff in the sum of $180.45. Defendant excepted to the report and moved to set it aside. Motion overruled, and judgment for plaintiff. Defendant appeals.

*William McClintock, Noble & Hatch,* for the appellant—*J. J. Berkey* for the appellee.

BECK, J. — The only objection made to the action of the District Court relates to the refusal to set aside the report of the referees. Defendant excepted to their report, because it is not sustained by the evi-

dence, as to the facts found, and their conclusions thereon are contrary to law.

We cannot review the findings of the referees as to the facts. The record does not contain all of the evidence before them, and it expressly so states.

The facts found by the referees are as follows, viz.: The plaintiff, defendant and one Nash were copartners in building and using a steam mill. They borrowed of the school fund $200, and, to secure the same, plaintiff executed a mortgage upon the land whereon the mill was erected — the title thereof being in him. The money so borrowed was put into the partnership business. Afterward plaintiff executed a deed of warranty for the undivided one-half of the property to defendant and Nash. Nash subsequently conveyed his interest in the real estate and partnership business to defendant, who assumed to pay Nash's share of the partnership debts. Defendant sold his interest in the property to Eggleston, and plaintiff conveyed his interest to Marvin, each taking a mortgage to secure portions of the purchase-money respectively due to each. These sales were made subject to the school fund mortgage. After these sales defendant and plaintiff settled their partnership business, with the exception of a certain suit pending against them, prosecuted by another party — each agreeing to pay one-half of any judgment that might be recovered against them. The school fund mortgage was unpaid, and no settlement was made concerning it. This settlement was intended to be final of all business of the partnership, except the said suit. Eggleston and Marvin failed to pay the amounts secured by their respective mortgages, which were foreclosed by the respective mortgagees, plaintiff and defendant. Under sales upon these foreclosures plaintiff and defendant became purchasers of the respective interests of the mortgagors, thereby becoming joint owners again of the property. Plaintiff, being threatened with a suit upon the school fund mortgage, paid $268.10 in satisfaction thereof.

As conclusions of law, the referees find that the indebtedness of defendant growing out of this transaction was not included in the settlement of the partnership, and that it was not a partnership matter. In this their finding is evidently correct. By the purchase of portions of the property upon the respective mortgage foreclosures plaintiff and defendant did not become copartners. In the settlement of their partnership business, the claim of plaintiff growing out of the payment of the school fund mortgage could not have been included, for it did not then exist. At that time the purchasers of the property were expected to pay the mortgage debt to the school fund, and their failure so to do, the acquisition of the property by plaintiff and defendant, as joint owners, and the payment of the mortgage by plaintiff, were the circumstances which created defendant's liability.

Affirmed.